UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FECI,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT BURTON,<br><br>    Respondent. | No.  2:20-CV-00878-KJM-CKD P<br><br><br>ORDER |

Petitioner is a state inmate proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Petitioner has filed a motion to stay these proceedings pending the exhaustion of state court remedies.  ECF No. 6.  Respondent has not filed any opposition to the motion for a stay, but has filed a motion to dismiss the petition without prejudice because it contains unexhausted claims for relief.  ECF No. 10.  Petitioner has not filed a response to the motion to dismiss, but has filed several motions for immediate relief challenging the completeness of the trial court transcripts.  ECF Nos. 15, 18.  Because the parties in this case appear to be two ships passing in the night, the court will set a briefing schedule on the pending motions.  Petitioner is advised of the legal standards governing motions for a stay and abeyance in order to obtain full briefing on the pending motions.

/////

/////

I. **Motion to Stay**

Petitioner filed a motion to stay and abey his federal habeas corpus petition on May 20, 2020.[1] ECF No. 6. Attached to the motion is a state habeas application that petitioner filed in the Sacramento County Superior Court. ECF No. 6 at 10-15.

On August 17, 2020, petitioner filed a one-page motion to resume [the] case ending the stay and obey [sic]. ECF No. 16. However, petitioner does not indicate whether the Sacramento County Superior Court ruled on his pending habeas corpus petition or whether he filed any subsequent state habeas corpus petition in the California Court of Appeal and the California Supreme Court.

II. **Legal Standards Governing a Stay and Abeyance**

Federal law provides for two very different types of a stay and abeyance in a federal habeas action. A petitioner should specify which type of stay he or she is seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to

---

[1] All filing dates are calculated using the prison mailbox rule. Houston v. Lack, 487 U.S. 266 (1988).

1   state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-
2   attaches the newly-exhausted claims to the original petition.  This is a more cumbersome
3   procedure than a Rhines stay because it requires you to file multiple amended federal habeas
4   petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust.
5   See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, a Kelly stay runs the risk of
6   preventing review on the merits of any unexhausted claim for relief due to the one-year statute of
7   limitations governing federal habeas claims.  See King, 564 F.3d at 1140-41 (emphasizing that a
8   "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back
9   into his federal petition once he has exhausted them **only** if those claims are determined to be
10  timely.  And demonstrating timeliness will often be problematic under the now-applicable legal
11  principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one-year period of
12  limitation shall apply to all federal habeas petitions challenging a state court judgment).

13  **III.   Motions for Immediate Relief**

14      In two separate motions, petitioner requests "guidance, reversal, or return to lower court"
15  to supplement the trial transcripts in his case by including a portion of a witness's statement to
16  police that was transcribed.  ECF No. 15 at 3.  Petitioner alleges that the missing transcript proves
17  that he acted in self-defense.  ECF No. 18 at 7.  He attaches the transcript to his second motion for
18  immediate relief.  ECF No. 18 at 19-43.

19      However, respondent has not filed an answer or lodged the trial court transcripts in this
20  case.  See Rule 5(c) of the Rules Governing Section 2254 Cases.  Instead, respondent filed a
21  motion to dismiss which is pending before the court.  ECF No. 10.  Therefore, petitioner's
22  motions are premature and will be denied on this basis.

23      Accordingly, IT IS HEREBY ORDERED that:
24      1. Petitioner's motions for immediate relief (ECF Nos. 15, 18) are denied as premature.
25      2. Petitioner's opposition or statement of non-opposition to respondent's motion to
26         dismiss shall be filed within thirty days from the date of this order.  As part thereof,
27         petitioner shall clarify whether he seeks to withdraw his pending motion for a stay and
28         abeyance.  Petitioner is further directed to provide the court with a copy of any

1     decision issued by a state court concerning his habeas corpus petition.

2   3. Respondent may file a reply within 14 days after receiving petitioner's response to the motion to dismiss. As part thereof, respondent is directed to indicate whether he opposes any request to stay and abey these proceedings pending exhaustion of petitioner's state court remedies.

  4. The pending motions will be deemed submitted upon the filing of the aforementioned briefs or the expiration of the time for doing so.

Dated: September 16, 2020

*Carolyn K. Delaney* (signature)
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/feci0878.misc.docx