1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES MICHAEL FECI,                        No.  2:20-cv-00878-KJM-CKD P

12                     Petitioner,

13        v.                                     ORDER AND

14   ROBERT BURTON,                              FINDINGS AND RECOMMENDATIONS

15                     Respondent.

16

17        Petitioner is a state prisoner proceeding pro se in this habeas corpus action filed pursuant

18   to 28 U.S.C. § 2254.  Currently pending before the court is petitioner's motion to stay these

19   proceedings in order to exhaust his state court remedies, and respondent's motion to dismiss

20   claims 2, 3, and 4 of petitioner's habeas corpus application.  ECF Nos. 6, 10.  The motions have

21   been fully briefed in accordance with a supplemental briefing schedule ordered on September 17,

22   2020.  ECF No. 19.  For the reasons discussed below, the undersigned recommends granting

23   respondent's motion to dismiss and denying  petitioner's motion for a stay pursuant to Rhines v.

24   Weber, 544 U.S. 269 (2005).[1]  The court further recommends granting petitioner a stay of these

25   proceedings pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other

26   grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).[2]

27   _____

28   [1] Hereinafter referred to as a "Rhines stay."
     [2] Hereinafter referred to as a "Kelly stay."

                                              1

## I.     Factual and Procedural History

Petitioner was convicted in the Sacramento County Superior Court of voluntary manslaughter with a firearms enhancement and sentenced to a total term of 15 years incarceration.  ECF No. 1 at 1.  The California Court of Appeal affirmed his conviction on December 18, 2019.  ECF No. 11-2 at 1-22 (direct appeal opinion).  The California Supreme Court denied a petition for review on February 26, 2020.  ECF No. 1 at 19.

On April 6, 2020, petitioner filed the instant federal habeas corpus application raising seven claims for relief.[3]  In his first claim for relief, petitioner raises a Sixth Amendment confrontation clause challenge to the admission of his wife's statement to the police.  ECF No. 1 at 37.  Petitioner separately asserts that his trial lawyer was ineffective for failing to object to the admission of this statement on confrontation clause grounds.  ECF No. 1 at 61.  In his third claim for relief, petitioner asserts that his wife's statement was erroneously admitted by the trial court in violation of state evidentiary laws.  ECF No. 1 at 66.  Next, petitioner contends that his Fourteenth Amendment right to due process was violated based on the admission of the same statement.  ECF No. 1 at 69.  In his fifth claim for relief, petitioner challenges the use of CALCRIM No. 3471, the jury instruction on self-defense, as a violation of his right to due process.  ECF No. 1 at 71.  Next, petitioner contends that the trial court erred in utilizing CALCRIM No. 3472 because it was not supported by substantial evidence.  ECF No. 1 at 87.  Lastly, petitioner raises a cumulative error claim.  ECF No. 1 at 92.

## II.     Motion to Stay and Abey

On May 20, 2020, petitioner filed a motion to stay and abey these proceedings based on his filing of a habeas corpus petition in the Sacramento County Superior Court.  ECF No. 6.  The motion included a copy of the state habeas corpus petition presenting two claims for relief.  ECF No. 6 at 10-25.  First, petitioner challenged the trial judge's failure to reverse his conviction because she recognized that he was entitled to use self-defense.  ECF No. 6 at 12.  In the second claim for relief, petitioner asserted that the trial transcript is incomplete.  ECF No. 6 at 13.  The

---

[3] All of petitioner's filing dates were calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

1    Sacramento Superior Court denied petitioner's habeas application on July 2, 2020.  ECF No. 22 at

2    7-10.  Petitioner's motion for reconsideration was denied by the court on August 26, 2020.  ECF

3    No. 22 at 11-13.

4           After this court ordered outlined the two procedural mechanisms through which the

5    federal court could issue a stay in these proceedings, petitioner specifically requested a stay and

6    abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005).  ECF No. 22 at 3.  Petitioner

7    also requested to withdraw his pending motion to resume this case which was filed on August 17,

8    2020.  ECF No. 22 at 3; see also ECF No. 16 (motion to resume case).

9           In his supplemental briefs, petitioner asserts that he is entitled to a stay and abeyance due

10   to the ineffectiveness of his appellate lawyer who did not include claims two, three, and four in

11   his petition for review to the California Supreme Court.  ECF No. 23 at 2-3.  Petitioner argues

12   that these unexhausted claims have merit based on the trial judge's statements concerning his use

13   of self-defense.  ECF No. 23 at 3.  However, petitioner also contends that properly exhausting

14   these claims in the California Supreme Court is a futile act and that his time should not be wasted

15   "with such a ridiculous filing."  Id.

16   **III.    Motion to Dismiss**

17          In his motion to dismiss, respondent asserts that claims two and four are unexhausted

18   because they were not included in the petition for review filed in the California Supreme Court.

19   ECF No. 10 at 3.  Nor has petitioner properly exhausted these claims by raising them via a habeas

20   corpus petition in the California Supreme Court.  Id.  Respondent also requests the dismissal of

21   claim three because it only concerns state evidentiary laws and is therefore not cognizable on

22   federal habeas review.  Id. at 3-4 (citing Bradshaw v. Richey, 546 U.S. 74, 76 (2005)).

23          Respondent further opposes petitioner's request for a Rhines stay arguing that he has

24   failed to demonstrate good cause because "he does not explain why he did not exhaust claims two

25   and four on state collateral review if he thought they should be included in the federal petition."

26   ECF No. 24 at 3.  Respondent suggests that petitioner has engaged in dilatory litigation tactics

27   because he has not filed any further state habeas corpus petitions after the Sacramento County

28   Superior Court's denial on July 2, 2020.  ECF No. 24 at 3-4.  Due to petitioner's unjustified delay

in not filing any subsequent state habeas petition, a <u>Rhines</u> stay is inappropriate.  According to

respondent, petitioner's medical problems are not good cause for his failure to exhaust all of his

claims because he "has demonstrated his ability to present his claims in a collateral action to the

state superior court."  ECF No. 24 at 3.

### IV.    Legal Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for

writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

by providing the highest state court with a full and fair opportunity to consider each habeas claim

before presenting it to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton

v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the

operative facts and the federal legal theory supporting his federal claim to the state's highest

court, "thereby alerting that court to the federal nature of the claim."  <u>Baldwin v. Reese</u>, 541 U.S.

27, 29 (2004); <u>see</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003), <u>overruled</u> <u>on</u> <u>other</u>

<u>grounds</u> <u>by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007).  The United States Supreme Court

has held that a federal district court may not entertain a petition for habeas corpus unless the

petitioner has exhausted state remedies with respect to each of the claims raised.  <u>Rose v. Lundy</u>,

455 U.S. 509 (1982) (establishing the total exhaustion rule).

Petitioner's federal habeas corpus application contains both exhausted and unexhausted

claims for relief.  Accordingly, it is considered a "mixed" federal habeas petition.  The court may

stay a mixed petition pending exhaustion if petitioner demonstrates (1) good cause for the failure

to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and

(3) petitioner has been diligent in pursuing relief.  <u>Rhines v. Weber</u>, 544 U.S. at 278.  If petitioner

fails to establish any of these three factors then a <u>Rhines</u> stay is not appropriate.  However, a

<u>Kelly</u> stay may still be granted absent a showing of good cause for failure to exhaust state court

remedies.  <u>See</u> <u>King v. Ryan</u>, 564 F.3d 1133, 1140 (9th Cir. 2009).  A <u>Kelly</u> stay and abeyance

involves the following three-step process: (1) the petitioner amends his petition to delete any

unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted

petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims;

1   and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the

2   original petition.

3          In determining what constitutes good cause sufficient for a <u>Rhines</u> stay, the Ninth Circuit

4   Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary

5   circumstances in order to justify a <u>Rhines</u> stay.  <u>Jackson v. Roe</u>, 425 F.3d 654, 661-662 (9th Cir.

6   2005).  Instead, the good cause standard is similar to the good cause standard used to excuse

7   procedurally defaulted federal habeas claims.  <u>See</u> <u>Dixon v. Baker</u>, 847 F.3d 714, 720 (9th Cir.

8   2017); <u>see also</u> <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014) (emphasizing that "[w]hile a

9   bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by

10  evidence to justify a petitioner's failure to exhaust, will.").[4]  The legal standard for cause to

11  excuse a procedurally defaulted claim boils down to objective factors external to the prisoner.

12  <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a

13  procedural default, a petitioner must show that "some objective factor external to the defense

14  impeded counsel's efforts to comply with the State's procedural rule.").

15     **V.    Analysis**

16         Turning first to claim three in petitioner's federal habeas application, the court agrees with

17  respondent that this is merely a state law evidentiary challenge that is not cognizable on federal

18  habeas review.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the

19  province of a federal habeas court to reexamine state-court determinations on state-law

20  questions."); <u>Jammal v. Van de Kamp</u>, 926 F.2d 918, 919 (9th Cir. 1991) (stating that the federal

21  courts "are not a state supreme court of errors; we do not review questions of state evidence

22  law.").  Claim three merely alleges that the admission of petitioner's wife's statement to police

23  violated state evidentiary laws.  Petitioner does not contend nor cite to any federal constitutional

24  provision as part of this claim for relief.  Accordingly, it does not provide any basis for federal

25  habeas corpus relief.  <u>See</u> 28 U.S.C. § 2254(a) (limiting habeas claims to "violation[s] of the

26  ─────────────────────

27  [4] In <u>Blake</u>, the Ninth Circuit concluded that the ineffective assistance of state habeas counsel can
    constitute "good cause" to support a <u>Rhines</u> stay when it is accompanied by documentary
    evidence rather than a mere "bare allegation" that counsel was ineffective.  <u>Blake</u>, 745 F.3d at

28  983.

1  Constitution or laws or treaties of the United States.").  Petitioner's claim that state evidentiary

2  law was misapplied is subject to dismissal because it is not a cognizable basis for relief in this

3  proceeding.  For this reason, the undersigned recommends granting respondent's motion to

4  dismiss claim three as it fails to state any federal constitutional claim.

5       The court next turns to claims two and four of petitioner's federal habeas application

6  which respondent asserts are unexhausted.  Although muddled by his numerous attempts to

7  amend his response to the motion to dismiss, it appears that petitioner concedes that these claims

8  were not presented to the California Supreme Court, and are therefore not properly exhausted for

9  purposes of federal habeas relief.  Petitioner requests a stay and abeyance of the pending federal

10  proceedings in order to return to state court to properly exhaust these claims.[5]  After being

11  advised of the two procedural avenues for obtaining a stay of these proceedings, petitioner

12  requested a stay pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005).  In order to establish

13  good cause under Rhines, petitioner asserts that his failure to exhaust these claims was caused by

14  his appellate lawyer's failure to include them in his petition for review.  The court notes that

15  petitioner's argument is nothing more than a bare allegation unaccompanied by any evidence

16  suggesting that appellate counsel was ineffective based on the standard announced in Strickland

17  v. Washington, 466 U.S. 668 (1984).  See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014)

18  (finding that good cause is established when petitioner submits a "reasonable excuse, supported

19  by sufficient evidence, to justify that failure" to previously exhaust state court remedies); see also

20  Rossier v. Cavazos, No. CV 11–2778–R (DTB), 2012 WL 1535753, at *6 (C.D. Cal. Mar. 20,

21  2012) (stating "to accept petitioner's conclusory and unsupported assertion of ineffective

22  assistance of appellate counsel as good cause for her failure to exhaust her state remedies would

23

24  [5] Somewhat illogically, petitioner also argues that exhaustion in the California Supreme Court is
futile.  However, petitioner cannot simply choose to bypass the California Supreme Court and
25  have his claims for relief granted in the first instance by a federal habeas court.  See O'Sullivan v.
Boerckel, 526 U.S. 838, 844 (1999) (emphasizing that exhaustion requires the state prisoner to
26  give the state courts a "fair opportunity to act" on each of his claims for relief before filing a
federal habeas petition).  While a claim for relief may be denied on the merits notwithstanding
27  petitioner's failure to exhaust his state court remedies, a federal district court may not grant relief
on any such claim, as petitioner seems to suggest.  See 28 U.S.C. § 2254(b)(2).
28

1    render stay-and-abey orders routine, as virtually every habeas petitioner could argue that they

2    received ineffective assistance of appellate counsel in order to obtain a stay").  Moreover, the

3    winnowing out of weaker claims on appeal has been described as a central tenet of effective

4    appellate advocacy.  Jones v. Barnes, 463 U.S. 745, 751-52 (1983).  This court cannot

5    categorically conclude that appellate counsel's decision to focus the petition for review on only

6    three issues was deficient performance under Strickland.  Petitioner's blanket assertion of good

7    cause based on appellate counsel's ineffectiveness would permit the narrow exception of a stay

8    and abeyance to become the rule.  The Supreme Court cautioned against such a broad-ranging

9    standard for the issuance of a stay in Rhines.  Accordingly, the undersigned finds that petitioner

10   has not demonstrated that his appellate lawyer's ineffectiveness constitutes good cause for his

11   failure to exhaust claims two and four.  Having failed to meet the first prong for a Rhines stay, the

12   court finds it unnecessary to address the remaining two prongs.  Therefore, based on the

13   foregoing, the undersigned recommends denying petitioner's motion for a Rhines stay.

14          The court's findings on good cause do not foreclose a stay and abeyance pursuant to

15   Kelly.  Assuming, without deciding, that the unexhausted claims relate to the same statement that

16   is being challenged in claim one of petitioner's § 2254 application, it may still be possible to

17   properly exhaust these claims and amend them back into the federal petition without running

18   afoul of the statute of limitations.[6]  See 28 U.S.C. § 2244(d)(1) (containing the one-year statute of

19   limitations); see also Mayle v. Felix, 545 U.S. 644, 664 (2005) (establishing that a new claim

20   relates back to one in a timely filed federal habeas petition when they both share a "common core

21   of operative facts.").  This court has the discretion to allow petitioner to: 1) delete claims two and

22   four from his habeas petition; 2) stay the wholly exhausted petition in abeyance pending the

23   exhaustion of state court remedies; and, 3) file an amended habeas petition to add the formerly

24   deleted and newly exhausted claims for relief back into his petition.  Kelly, 315 F.3d at 1070.

25   While this is a much more cumbersome procedure that requires filing an amended federal habeas

26   _____

27   [6] Petitioner is advised that a Kelly stay does not ensure that these unexhausted claims for relief
     will ultimately be deemed timely filed once they are properly exhausted in state court.  These
     Findings and Recommendations make no express determination as to the timeliness of these
28   claims for relief.

7

petition, it is the only procedural avenue that remains available in light of this court's recommendation to deny petitioner a <u>Rhines</u> stay.  For all these reasons, the undersigned recommends exercising its discretion and granting petitioner a <u>Kelly</u> stay.[7]

**VI.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned is recommending that respondent's motion to dismiss claims 2, 3, and 4 of your federal habeas petition be granted because they are unexhausted or not cognizable.  The court has concluded that you have not demonstrated good cause to be entitled to a <u>Rhines</u> stay of these proceedings.  However, the court is recommending that the remaining exhausted claims in your federal habeas petition be stayed and that you be permitted to file an amended habeas petition adding in claims two and four once they are properly exhausted in state court.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's request to withdraw his motion to resume the case is granted.

2.  The motion to resume the case (ECF No. 16) is deemed withdrawn.

IT IS FURTHER RECOMMENDED that:

1.  Respondent's motion to dismiss claims 2, 3, and 4 of the federal habeas corpus petition (ECF No. 10) be granted.

2.  Petitioner's motion to stay his mixed federal habeas petition (ECF No. 6) pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), be denied for lack of good cause shown.

3.  Petitioner be granted a stay of these proceedings pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written

---

[7] Additionally, the court notes that its recommendation to grant respondent's motion to dismiss claims 2, 3, and 4, renders it unnecessary for petitioner to amend his § 2254 petition to delete the unexhausted claims in accordance with the first step of a <u>Kelly</u> stay.  <u>See</u> <u>Kelly</u>, 315 F.3d at 1070-71.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3  objections shall be served and filed within fourteen days after service of the objections.  The

4  parties are advised that failure to file objections within the specified time may waive the right to

5  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  Dated:  October 30, 2020

7  _____
   CAROLYN K. DELANEY
8  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14  12/feci0878.mtd+m2stay.docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28