UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FECI, | No. 2:20-cv-00878-KJM-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| ROBERT BURTON, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion to submit new claims which the court liberally construes as a motion to amend his § 2254 petition. See ECF No. 47. On April 18, 2022, the court ordered briefing on the motion to amend. ECF No. 50. Respondent filed an opposition and petitioner has filed a second motion to amend which the court construes as a reply brief. ECF Nos. 51, 53. Thus, the matter is deemed submitted. For the reasons explained below, the undersigned recommends denying petitioner's motion to amend.

I.     **Factual and Procedural History**

Petitioner was convicted in the Sacramento County Superior Court of voluntary manslaughter with a firearms enhancement and sentenced to a total term of 15 years incarceration. ECF No. 1 at 1. The California Court of Appeal affirmed his conviction on

1

1   December 18, 2019.  ECF No. 11-2 at 1-22 (direct appeal opinion).  The California Supreme
2   Court denied a petition for review on February 26, 2020.  ECF No. 1 at 19.
3         On April 6, 2020, petitioner filed the instant federal habeas corpus application raising
4   seven claims for relief.  In his first claim for relief, petitioner raises a Sixth Amendment
5   confrontation clause challenge to the admission of his wife's statement to the police during his
6   cross-examination by the prosecutor.  ECF No. 1 at 37.  Petitioner separately asserts that his trial
7   lawyer was ineffective for failing to object to the admission of this statement on confrontation
8   clause grounds.  ECF No. 1 at 61.  In his third claim for relief, petitioner asserts that his wife's
9   statement was erroneously admitted by the trial court in violation of state evidentiary laws.[1]  ECF
10  No. 1 at 66.  Next, petitioner contends that his Fourteenth Amendment right to due process was
11  violated based on the admission of the same statement.  ECF No. 1 at 69.  In his fifth claim for
12  relief, petitioner challenges the use of CALCRIM No. 3471, the jury instruction on self-defense,
13  as a violation of his right to due process.  ECF No. 1 at 71.  Next, petitioner contends that the trial
14  court erred in utilizing CALCRIM No. 3472 because it was not supported by substantial
15  evidence.  ECF No. 1 at 87.  Lastly, petitioner raises a cumulative error claim.  ECF No. 1 at 92.
16        On March 31, 2021, the district court judge adopted the Findings and Recommendations
17  issued on October 30, 2020 finding claims two and four were unexhausted.  ECF No. 36.  The
18  court granted petitioner a stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063, 1074 (9th
19  Cir. 2002), to exhaust these two claims for relief.  ECF No. 36.  Petitioner filed a motion to lift
20  the stay of these proceedings in addition to amending his habeas petition on March 12, 2022.[2]
21  ECF No. 47.  On March 29, 2022, the district court judge lifted the stay of this case and referred
22  the matter back to the undersigned for further proceedings.  ECF No. 49.
23  /////
24  /////

---

[1] This claim was dismissed by order dated March 31, 2021 because it only concerned state evidentiary laws which are not cognizable on federal habeas review.

[2] All of petitioner's filing dates have been calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

**II.     Motion to Amend**

On March 12, 2022, petitioner filed a request for authorization to amend his pending § 2254 petition. ECF No. 47. While petitioner did not submit a proposed amended § 2254 petition, he did attach the California Supreme Court habeas petition that included the two claims he now seeks to add to his federal petition. ECF No. 47 at 52-82. The proposed first new claim for relief asserts that an exhibit was suppressed from the Clerk's Transcript on appeal. ECF No. 47 at 52-82. Petitioner also contends that his appellate counsel was ineffective for not noticing and correcting this error. Id. The second new claim for relief alleges that the prosecutor committed a Brady[3] violation by suppressing impeachment evidence in the form of dog blood. Id. Petitioner also requests that the court "forgive the statute of limitations due to Coronavirus and [his] health problems" from getting the disease in January 2021. ECF No. 47 at 2. Lastly, petitioner notifies the court that he wants to withdraw grounds 2 and 4 of his pending federal habeas petition for which he was granted a stay.[4] ECF No. 47 at 2.

Respondent opposes the motion to amend because the new claims would be untimely. ECF No. 51 By respondent's calculation, the one year statute of limitations commenced on May 27, 2020, following the expiration of time to seek certiorari review by the Supreme Court. ECF No. 51 at 3. The statute of limitations expired one year later on May 26, 2021. Id. Petitioner's original § 2254 petition was timely filed on April 6, 2020. ECF No. 1 at 16. However, the one-year statute of limitations expired on May 26, 2021. ECF No. 51 at 3. Even with additional statutory tolling during the pendency of petitioner's first state habeas application in the Sacramento County Superior Court, the statute of limitations expired on July 2, 2021.[5] ECF No. 51 at 4. Petitioner's remaining state habeas corpus petitions were filed after the statute of

---

[3] See Brady v. Maryland, 373 U.S. 83 (1963) (holding that suppression by the prosecution of favorable evidence to the defendant in a criminal case violates due process).

[4] The court expresses no opinion on petitioner's indication of his intent to withdraw claims two and four as leave of court is not required to voluntarily dismiss any claim.

[5] Petitioner filed his state habeas petition on April 6, 2020 before the one year statute of limitations commenced. See ECF No. 52-2. The Sacramento County Superior Court denied this petition on July 2, 2020. See ECF No. 52-1.

limitations had already expired and are therefore not entitled to any additional statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (concluding that once the statute of limitations has expired subsequently filed state habeas corpus petitions may not restart it). Respondent also contends that the two new claims do not relate back to petitioner's claims in his original § 2254 petition. See Mayle v. Felix, 545 U.S. 644, 664 (2005) (defining related claims as those that "are tied to a common core of operative facts."). Thus, the proposed new claims would be untimely rendering amendment at this juncture futile. Id. For these reasons, respondent requests the court deny petitioner's motion to amend. ECF No. 51.

Petitioner submitted another motion to amend on May 2, 2022 which the court construes as his reply brief. ECF No. 53. Regarding the timeliness of his new claims for relief, petitioner contends that he did not have adequate access to a prison law library from February 2020 until April 2021. ECF No. 53 at 2. Petitioner acknowledges, however, that he discovered that the record on appeal was missing a transcript on March 1, 2020. See ECF No. 53 at 14; see also ECF No. 53 at 42 (letter from appellate counsel). Thus, petitioner was aware of the factual predicate supporting his new claim for relief in Ground 8 prior to filing his original § 2254 petition in this case. Petitioner also seeks to add a new claim in Ground 10 based on the ineffectiveness of his trial and appellate counsel. ECF No. 53 at 64-74. Lastly, petitioner also wants to amend Ground 5 of his pending § 2254 petition by asserting that trial and appellate counsel were ineffective for not noticing that the trial judge misstated CALCRIM 3471 on self-defense to the jury. ECF No. 53 at 75-85.

### III. Legal Standards

Under Federal Rule of Civil Procedure 15(a), a litigant may amend his pleadings once as a matter of course within 21 days after serving it or within 21 days after a responsive motion is filed. See also 28 U.S.C. § 2242 (providing that a habeas corpus application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2). Factors to be considered when ruling on a motion to amend a habeas corpus petition

include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Additionally, a one-year statute of limitations applies to all habeas petitions in federal court. See 28 U.S.C. § 2244(d)(1). The statute of limitations generally starts once a state court conviction becomes final at the conclusion of the direct appeal process. See 28 U.S.C. § 2244(d)(1)(A). The limitations period is not tolled from the time when a direct appeal in state court becomes final to the time when a first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). While the statute of limitations is paused during the pendency of any properly filed state habeas corpus petition, the clock does not stop running after a federal habeas petition is filed. See 28 U.S.C. § 2244(d)(2); see also Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" to be entitled to statutory tolling of the one-year statute of limitations).

This one-year statute of limitations becomes an issue when a federal habeas petitioner seeks to add new claims to his petition long after it has been filed. Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." This rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the Supreme Court held that relation back is appropriate if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664. Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650.

### IV.   Analysis

In determining whether to grant leave to amend, the court must consider whether the proposed new claims are timely. In this case, the new claims do not relate back to the seven

claims presented in the original petition. See ECF No. 1; see also Mayle v. Felix, 545 U.S. 644 (2005) (holding that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). The proposed new claims in Grounds 8 and 9 do not relate to the same core facts as the timely filed claims in the original § 2254 petition. The first four claims in the original § 2254 petition relate to petitioner's wife's statement to police. The remaining three claims for relief concern jury instruction challenges and a cumulative error claim. The proposed new claims in Grounds 8 and 9 revolve around witness Michael Carbajal. Applying Mayle, the undersigned finds that these new claims do not relate back to the claims in the original petition and are thus untimely.

Liberally construing petitioner's pro se pleadings, petitioner requests equitable tolling of the statute of limitations based on his limited access to a law library between February 2020 and April 2021. A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles v. Prunty, 187 F. 3d 1104, 1107 (9th Cir. 1999). The undersigned first notes that petitioner does not allege that he was completely deprived of access to the law library during this time period. Secondly, petitioner was able to file his first state habeas petition during this same time period even with limited law library access. Based on the record before the court, the undersigned does not find that limited law library access was the but-for cause of the delay in submitting petitioner's new claims for relief in this case. See ECF No. 52-2 at 18-158 (containing petitioner's numerous filings in the Sacramento County Superior Court between June 1, 2020 and September 20, 2020); see also Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (emphasizing

that prisoner was able to file "other substantial legal filings" during the time period in which he was denied access to law library).  Moreover, limitations on law library access and research materials are not extraordinary, but rather are normal conditions of prison life.  Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010).  In this case, equitable tolling is not warranted and does not render any of the proposed new claims for relief timely.  Therefore, amendment would be futile.

With respect to the new ineffective assistance of counsel claims raised for the first time in petitioner's reply brief, the undersigned finds that petitioner has unduly delayed in seeking to add them to his § 2254 petition.  The underlying facts of Ground 10 relate to trial counsel's decision not to call petitioner's wife to testify in his defense.  The requested amendment to Ground 5 is based on counsel's failure to notice that the trial judge misstated CALCRIM 3471 on self-defense when reading it to the jury.  Petitioner does not explain why he delayed for years in raising these claims that he knew or should have known at the time of trial.  Thus, the undersigned recommends denying petitioner leave to amend in order to add new ineffective assistance of counsel claims in Grounds 10 and 5 based on his undue delay.

The court additionally finds that allowing petitioner to continually add, amend, and supplement claims is prejudicial to respondent.  The ever-evolving habeas claims in this case appear to be a moving target which respondent can not fully brief before petitioner seeks to alter his claims.  See e.g., ECF No. 53.  The court emphasizes that seriatim amendments and supplements to a § 2254 petition are not helpful in reaching a speedy and just resolution of petitioner's habeas claims.  For all these reasons, the undersigned recommends denying petitioner's motion to amend.

V.   **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your motion to amend and determined that your new claims would be untimely filed and that you unduly delayed in presenting some of them.  The undersigned recommends denying your motion to amend.  If you disagree with this recommendation, you have

14 days to file a written explanation as to why it is not the correct outcome. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review your objections and make the final decision on your motion.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court modify the docket to reflect that petitioner's filing received on May 12, 2022 (ECF No. 53) is a reply brief to respondent's opposition.

IT IS FURTHER RECOMMENDED that petitioner's motion to add claims (ECF No. 47), which the court construes as a motion to amend his § 2254 petition, be denied for the reasons explained herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/feci0878.m2amend.docx